UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL W. OLDFIELD,
AMY L. OLDFIELD,

                        Plaintiffs,

                                                                    <u>DECISION AND ORDER</u>

                                                                     06-CV-6487L

                    v.

VILLAGE OF DANSVILLE,
VILLAGE OF WAYLAND,
LIVINGSTON COUNTY,
DEBORAH BABBITT,

                        Defendants.
_____

      Plaintiffs, Michael and Amy Oldfield ("the Oldfields"), bring this action against several municipalities, including the Village of Wayland, and Deborah Babbitt ("Babbitt"), who is the Code Enforcement Officer both the Villages of Wayland and Dansville, New York. The Oldfields, residents of the Village of Dansville, Livingston County, New York owners of approximately a dozen rental properties in Livingston, Steuben and Chemung Counties, allege that Babbitt retaliated against them by targeting their properties in Wayland and Dansville for code violations.

      Plaintiffs' second amended complaint sets forth twenty different causes of action, all purportedly arising out of the Civil Rights Act, 42 U.S.C. § 1983. From the welter of claims against the several defendants, the essence of the claims as to the Village of Wayland is that it maintained

a policy of not properly training its employees and officers, specifically Code Enforcement Officer Babbitt.

Pending before the Court is a motion to dismiss filed by only two of the defendants, The Village of Wayland and Babbitt (Dkt. #47). For the reasons discussed below, the motion is granted as to the Village of Wayland, but denied as to Officer Babbitt at this time.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). In defending against a motion to dismiss, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955, 1964-65 (2007). *See generally Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Bell Atlantic Corp.* standard).

Concerning Officer Babbitt, the Oldfields claim that Babbitt instituted enforcement actions against them in retaliation for Michael Oldfield's complaints to officials in Dansville, New York that their Building Code, which allowed warrantless entry into rental property, violated a decision of the New York State Court of Appeals, *Sokolov v. Village of Freeport,* 52 N.Y.2d 341 (1981).

Specifically, plaintiffs allege that Babbitt exploited her dual role as Code Enforcement Officer for Dansville and Wayland to retaliate against the Oldfields for the Dansville complaint by condemning one of their properties in Wayland. The parties are engaged in discovery, and whether this claim survives a further dispositive motion is a matter for another day. While I find that plaintiff's claim against Babbitt is, colloquially speaking, "a bit of a stretch" on the facts alleged, as a matter of pleading, it passes muster on this motion to dismiss. Thus, under the standards enunciated in *Twombly,* the motion is denied as to Babbitt. *See generally Bernstein v. City of New York*, 2007 U.S. Dist. LEXIS 39286 at *29-*30 (S.D.N.Y. 2007) ("[b]ecause the qualified immunity defense necessarily involves a fact-specific inquiry, '[i]t is generally premature to address the defense of qualified immunity in a motion to dismiss pursuant to [Rule] 12(b)(6)'"), *quoting Walker v. Mendoza*, 2000 U.S. Dist. LEXIS 8716 at *21-*22 (E.D.N.Y. 2000).

It is another matter, though, as to the Village of Wayland. Although there are material questions as to whether the Oldfields suffered any damages at the hands of the Village of Wayland because their property there was never torn down by virtue of the condemnation order, the complaint must be dismissed as against the Village of Wayland because there is nothing to establish that the Village of Wayland had any policy relative to training and, in fact, it appears that all training of Code Enforcement Officers is provided not by the individual municipalities but by New York State.

First, based upon the fact that defendants submitted public records and attested to facts extraneous to the Complaint in support of their motion, I opt to treat defendants' motion as a motion for summary judgment insofar as it relates to plaintiffs' claims against the Village of Wayland.

Conversion of a Rule 12(b)(6) motion to one for summary judgment may be done where

plaintiffs "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment," and have been afforded a reasonable opportunity to "meet facts outside the pleadings." *Rand v. Birbrower*, 31 Fed. Appx. 748, 751 (2d Cir. 2002), *quoting In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985). Here, the Village has produced evidence that training for all of its officers is provided by the State of New York pursuant to 19 NYCRR §434 and §435, and that it is neither obligated to provide such training itself, nor does so. With respect to Babbitt in particular, the Village of Wayland has produced certificates demonstrating that she was trained and certified by the State, and not the Village. Plaintiffs have had the opportunity to respond to the evidence submitted by defendants, and have countered it by arguing that although there is no dispute as to the fact that Babbitt received training mandated and sponsored by the State of New York, the Village was nonetheless constitutionally obligated to provide additional training to Babbitt concerning the constitutional limits of her position as Code Enforcement Officer.

Viewing the Village of Wayland's motion as one for summary judgment, I note that there is no evidence that the Village had any duty or obligation to train officers such as Babbitt under the circumstances alleged in plaintiffs' complaint and, in fact, training was provided exclusively in state-wide training sessions in order to ensure uniformity. Although plaintiffs allege that the Village should have provided additional or supplementary training to its officers about the "constitutional limits" of their position, they do not offer a legal basis from which the Court could find that such training was required as a matter of law. "Conclusory allegations of legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Furthermore, plaintiffs have not presented any

evidence that in failing to supplement the state-mandated training, the Village was maintaining a policy or custom which proximately caused the plaintiffs' alleged injuries. *See generally Bernstein*, 2007 U.S. Dist. LEXIS 39286 at *24-*25 (claim against municipality for failure to train officers will be dismissed where the complaint fails to include facts specifying an official custom or policy of inflicting injuries actionable under Section 1983).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiffs' claims (Dkt. #47) is granted in part and denied in part. Plaintiffs' claims against the Village of Wayland are dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 31, 2008.